IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NUMBER: 5:22CR521** |
| Plaintiff | : | |
| vs. | : | **JUDGE DONALD NUGENT** |
| **THOMAS J.D. WILLIAMS** | : | **DEFENDANT'S SUPPLEMENTAL MOTION INSTANTER FOR RESENTENCING PURSUANT TO THE AMENDED §821 OF THE UNITED STATES RESENTENCING GUIDELINES** |
| Defendant | : | |

Now comes the Defendant, Thomas J.D. Williams, by and through undersigned counsel, and hereby moves this Honorable Court to reconsider and resentence him pursuant to the recent amendment to §821 of the United States Sentencing Guidelines (hereinafter, "Guidelines"). This supplemental motion is filed instanter not for the purposes of delay but due to an oversight by undersigned to timely comply with this Court's order dated September 30, 2024.

**INTRODUCTION**

The Defendant was sentenced on May 8, 2023, to an aggregate sentence of one hundred eighty (180) months, after being convicted by way of a plea agreement—for three counts of Carjacking and two counts of Possession of a Firearm in Furtherance of a Crime of Violence. At the time of sentencing, the Defendant received a three-point reduction for acceptance of responsibility under U.S.S.G. §3E1.1 and was sentenced within the advisory guideline range. He had no prior criminal history and was classified as a first-time offender.

Pursuant to the amendment to §821 of the Guidelines, effective November 1, 2023—and retroactive for those incarcerated as of February 1, 2024—which provides for an additional reduction for defendants classified as zero-point offenders with no prior criminal history, the Defendant seeks resentencing under this provision. This Court has the authority to apply these amendments retroactively or, alternatively, exercise its discretion under 18 U.S.C. §3553(a) to consider the broader sentencing objectives considering this amendment.

Such an application of the amendment to the Defendant would result in an additional two-level offense reduction in this case for the purposes of sentencing and therefore a reduction the total term of the sentencing in this matter.

**LEGAL ARGUMENT**

**I. THIS COURT HAS AUTHORITY TO RESENTENCE UNDER THE AMENDED GUIDELINES**

Section 3582(c)(2) of Title 18 authorizes courts to modify a defendant's sentence when the Sentencing Commission retroactively lowers the sentencing range applicable to the defendant. The recent amendment to §821 of the Guidelines provides for additional leniency for first-time offenders with zero criminal history points, reinforcing the need for proportionality and rehabilitation in sentencing.

While the amendment to §821 may not explicitly be retroactive, this Court retains discretion to resentence under 18 U.S.C. §3553(a), which prioritizes imposing sentences that are "sufficient, but not greater than necessary" to achieve the goals of sentencing.

**II. THE DEFENDANT QUALIFIES AS A ZERO-POINT OFFENDER AND SHOULD RECEIVE THE BENEFIT OF THE AMENDMENT**

Under the revised §821, zero-point offenders who meet certain criteria are eligible for the additional reduction. Here, the Defendant:

- Has no prior criminal history (U.S.S.G. §4A1.1);
- While the offense was categorized as a crime of violence and despite being in possession of a firearm, no bodily injury occurred, and the Defendant exhibited mitigating factors such as full cooperation with police during questioning; and
- Demonstrated acceptance of responsibility, as recognized in his three-point reduction at sentencing.

As such, this Court should consider Defendant eligible for the retroactive application of the zero-point offender offense level reduction.

**III. CASE LAW SUPPORTS THE COURT'S BROAD DISCRETION IN RESENTENCING**

The Supreme Court has emphasized that the Guidelines are advisory, not mandatory, allowing the courts' discretion to deviate where appropriate. See *United States v. Booker*, 543 U.S. 220 (2005); *Gall v. United States*, 552 U.S. 38 (2007). Additionally, courts have repeatedly affirmed the principle that sentencing should reflect evolving standards of fairness and proportionality.

For example, in *Pepper v. United States*, 562 U.S. 476 (2011), the Court held that sentencing courts may consider post-sentencing developments, such as amendments to the Guidelines, in imposing a new sentence. Similarly, in *Dillon v. United States*, 560 U.S. 817 (2010), the Court clarified that §3582(c)(2) proceedings allow for sentence reductions based on retroactive guideline amendments when consistent with Sentencing Commission policy.

## IV. RESENTENCING IS CONSISTENT WITH THE GOALS OF 18 U.S.C. §3553(A)

Resentencing the Defendant to account for the amended §821 aligns with the sentencing goals under §3553(a):

1. Reflecting the seriousness of the offense while promoting respect for the law;
2. Providing just punishment;
3. Affording adequate deterrence to criminal conduct; and
4. Avoiding unwarranted sentencing disparities among similarly situated defendants.

The amendment demonstrates the Sentencing Commission's recognition of the importance of providing leniency for first-time, zero-point offenders. Applying these principles retroactively to the Defendant serves the interests of justice and encourages rehabilitation.

## CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that this Court grant this Supplemental Motion Instanter and resentence him pursuant to the amended §821 of the United States Sentencing Guidelines or, alternatively, exercise its discretion to impose a sentence consistent with the spirit and intent of the amended Guidelines.

                                                **Respectfully submitted,**

                                                /s/Henry J. Hilow
                                                ***HENRY J. HILOW (0019601)***
                                                323 West Lakeside Ave., Ste. 200
                                                Cleveland, Ohio 44113
                                                (216) 344-9220
                                                ATTORNEY FOR DEFENDANT
                                                THOMAS J.D. WILLIAMS

## CERTIFICATE OF SERVICE

A copy of the foregoing *Supplemental Motion Instanter for Resentencing Pursuant to the Amended §821 of United States Sentencing Guidelines* was sent to parties, via electronic filing with Clerk's office this 27th day of November, 2024. Defendant was mailed a copy.

/s/Henry J. Hilow
**HENRY J. HILOW (0019601)**